103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary BROWN, Petitioner-Appellant,
v.
William DUNCAN, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-55948.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 5, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Brown, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Brown contends that the district court erred by dismissing his petition because he is entitled to sentencing credit for nine months he spent in custody prior to his current confinement. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 A writ of federal habeas corpus shall not be granted to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. See Estelle v. McGuire, 502 U.S. 62, 68 (1991). Thus, relief does not lie for alleged errors in the application or interpretation of state law unless such errors violated a defendant's federal rights. See id. at 67-68; see also Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989) (refusing consideration of alleged errors in application of state sentencing law where there was no violation of federal law). In some instances, the manner in which state law is applied may be so unfair as to deny a defendant due process. See McGuire, 502 U.S. at 75.
 
 
 4
 Here, Brown does not contend that he is in custody in violation of the Constitution or laws of the United States, nor is there any indication that the state court committed any sort of error in violation of Brown's federal rights, including his right to due process. See McGuire, 502 U.S. at 67-68, 75. Accordingly, Brown's claim is not cognizable under federal habeas corpus, see id., and the district court did not err by dismissing Brown's 28 U.S.C. § 2254 habeas corpus petition.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm under the former version of 28 U.S.C. § 2254, we do not address whether the Antiterrorism and Effective Death Penalty Act of 1996 affects this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3